# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MIGUEL VENTURA, as Next Friend of**
**E.B., a Minor**
         **Petitioners,**

**VS.**                                 **CAUSE NO.** 1:20cv342 LG-RPM

**PICAYUNE SCHOOL DISTRICT**

         **Respondents.**

## PETITION FOR DECLARATORY JUDGMENT UNDER 34 C.F.R. § 300 AGAINST PICAYUNE SCHOOL DISTRICT
### (DECLARATORY RELIEF REQUESTED)

**COME NOW,** Petitioners, MIGUEL VENTURA, as Next Friend of E.B., a Minor, by and through counsel, to file this, their **PETITION FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION AS UNDER 34 C.F.R. § 300 AGAINST PICAYUNE SCHOOL DISTRICT,** pursuant to Rule 57 of the Federal Rules of Civil Procedure, and in support thereof, Petitioner would show unto the Court, the following:

### INTRODUCTION

1. This is an action for declaratory and equitable relief. Petitioners E.B. and MIGUEL VENTURA, (known collectively as "Petitioners") seek to enforce a settlement agreement between themselves and PICAYUNE SCHOOL DISTRICT ("Respondents"). Pursuant to 20 U.S.C § 1415(f)(1)(B)(i), Respondents and Petitioners reached a settlement agreement in a resolution meeting before a due process hearing convened in January 2019. Petitioners respectfully ask this Court to enforce that settlement agreement.

2. Respondents have failed to follow the provisions set forth within the settlement

agreement. Petitioners contend that this violation warrants the following relief: a declaratory judgment from this Court that requires enforcement of the settlement agreement pursuant to 34 C.F.R. § 300.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 because this claim arises under the laws of the United States. Additionally, this Complaint is also brought under 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction in this matter and over all other state claims so related to claims in this action within such original jurisdiction such that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367. A settlement agreement made under 20 U.S.C § 1415(f)(1)(B)(i) is legally binding and enforceable in any state court of competent jurisdiction or in a district court of the United States. [1]

4. Venue is proper in this Court under either § 1391(b)(1) or (b)(3) and its sister subsections (c)(1) and (c)(2), respectively because the collective Respondents are all residents of the State of Mississippi, venue is proper, and the locus of contacts occurred within this State. Thus, this Court has personal jurisdiction over Respondents.

## PARTIES

5. Miguel Ventura, as Next Friend of E.B., a Minor, are the Petitioners in this lawsuit. Petitioners have standing to challenge the Picayune School District's (hereinafter "the District") actions because the District's failure to perform their duties under the settlement agreement caused an injury that is redressable by a favorable judicial decision. Parents have standing to challenge the school's actions when those actions directly affect the school children and their parents.[2]

---

[1] El Paso Indep. Sch. Dist. v. Richard R., 591 F.3d 417, 426 (5th Cir. 2009).
[2] Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 283 n.7 (5th Cir. 2001).

6. The District and its agents are the Respondents in this lawsuit. The District is responsible for the organization and operation of the schools within its district. Miss. Code § 37-7-301. The District may be served with process upon its Superintendent, Dean Shaw, at 706 Goodyear Boulevard, Picayune, MS 39466.

## FACTS AND PROCEDURAL HISTORY

7. Respondents have not fulfilled the terms of the settlement agreement.

8. Respondents and Petitioners reached a settlement agreement before the scheduled due process hearing in January 2019. The settlement agreement included the following provisions:

   a. The student, E.B., would be placed in a day school.

   b. The District would pay transportation reimbursement to Mr. Ventura because the District deemed E.B.'s behavioral needs were too acute and could not be transported in a bus or van provided by the District.

   c. Mr. Ventura would be reimbursed $0.56 per mile to cover two round trips per day or four times the one-way mileage.

9. Mr. Ventura is entitled to $145.82 per day for two round trips per day for transportation to and from CARES.

10. Mr. Ventura is entitled to $291.70 per week for four round trips for transportation to and from CARES.

## COUNT I: DECLARATORY RELIEF FOR THE VIOLATION UNDER IDEA LAW, 34 C.F.R. § 300

11. Respondents violated 34 C.F.R. § 300, which addresses assistance to states for the education of children with disabilities, by failing to perform their duties pursuant to the

settlement agreement that was entered into by the parties during a resolution meeting as described in 20 U.S.C. § 1415(f)(1)(B)(i).

12. The District has failed to reimburse Mr. Ventura properly for the transportation costs associated with having E.B. attend a day school.

13. Mr. Ventura was under-reimbursed for all transportation to and from the day school from the period of January 2020 until on or about March 16, 2020.

14. Mr. Ventura was also under-reimbursed for the period of transportation in July 2020. This is a violation of the settlement by the District.

15. Where the parties have reached a settlement agreement as described in §1415(f)(1)(B)(i), the settlement agreement is enforceable in any state court of competent jurisdiction or in a district court of the United States.[3]

16. By reason of the foregoing, Petitioner seeks declaratory and injunctive relief under 34 C.F.R. § 300.320.

## LEGAL STANDARD

12. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Petitioner seeks to enforce the settlement agreement against Respondents.

13. Respondents have failed to fulfill the terms of the settlement agreement. Petitioners assert that there is a substantial likelihood of success that the entry of an injunction will prevent irreparable harm to them, that the benefit to Petitioners far outweighs any potential harm to Respondents, and lastly, the entry of an injunction is in the public interest.

14. Respondents should be temporarily, preliminarily, and ultimately permanently ordered to fulfill the requirements set forth in the settlement agreement.

---

[3] *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 426 (5th Cir. 2009).

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Petitioners E.B. and Miguel Ventura pray this Honorable Court:

1. Issue a declaratory judgment to enforce the settlement agreement in its entirety;

2. Provide adequate compensation for the periods listed above;

3. Order an expedited hearing of this action pursuant to Rule 57; and

4. Provide any other relief that the Court deems just and adequate.

Respectfully submitted**,** this 13th day of November 2020.

**MIGUEL VENTURA, as Next Friend of E.B., a Minor, PETITIONERS**

By: ⎯⎯⎯⎯⎯/s/ *Julian D. Miller*⎯⎯⎯⎯
JULIAN D. MILLER, MSB #104377
FORMAN WATKINS & KRUTZ LLP
210 EAST CAPITOL STREET, SUITE 2200
JACKSON, MS 39201
TELEPHONE: (601) 960-8601
FACSIMILE: (601) 960-8610
Julian.Miller@formanwatkins.com